United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE ANSEL ADAMS PUBLISHING RIGHTS TRUST,<br><br>       Plaintiff,<br><br>   v.<br><br>PRS MEDIA PARTNERS, LLC, et al.,<br><br>       Defendants. | No. C 10-03740 JSW<br><br>**ORDER GRANTING COUNTERDEFENDANT'S MOTION TO DISMISS COUNTERCLAIMS** |
| PRS MEDIA PARTNERS, LLC, et al.,<br><br>       Counterclaimants,<br><br>   v.<br><br>THE ANSEL ADAMS PUBLISHING RIGHTS TRUST, et al.,<br><br>       Counterdefendants. | |

Now before the Court is the motion by the State of Arizona (the "State") on behalf of named Counterdefendant The University of Arizona (the "University") to dismiss counterclaims. The matter is fully briefed and ripe for decision. The Court finds that the matter is appropriate for disposition without oral argument and the matter is deemed submitted. See N.D. Civ. L.R. 7-1(b). Accordingly, the hearing set for April 29, 2011 is VACATED.

Having considered the parties' papers, the relevant legal authority, and the pleadings, the Court GRANTS Counterdefendant's motion to dismiss. (Doc. no. 53.) Because the Court

did not rely on the affidavits submitted by the State, Counterclaimants' motion to strike is DENIED as moot. (Doc. no. 67.)

**BACKGROUND**

Defendant and Counterclaimant Rick Norsigian ("Norsigian") claims to have discovered and to possess glass negatives that he contends were created by Ansel Adams. (First Amended Counterclaim ("FACC") ¶ 9.) On August 23, 2010, Plaintiff The Ansel Adams Publishing Rights Trust (the "Trust") filed this trademark action against Norsigian and Defendant and Counterclaimant PRS Media Partners, LLC ("PRS"), alleging that Defendants unlawfully promoted and offered for sale the prints and posters they call "Ansel Adams Lost Negatives" using the Ansel Adams trademark and Mr. Adams' name and likeness. (Compl. ¶ 38.)

Defendants filed counterclaims against the Trust, William Turnage in his representative capacity as the Managing Director of the Trust, and the University for (1) slander, (2) unfair competition, (3) defamation, (4) trade libel, (5) conspiracy to interfere with prospective economic advantage, and (6) aiding and abetting tortious interference with prospective economic advantage.

By Order entered March 16, 2011, the Court dismissed pursuant to stipulation all the claims in the Complaint and First Amended Counterclaim between or among the Trust, William Turnage, PRS, and Norsigian. (Doc. no. 68.) The State of Arizona now moves to dismiss the remaining counterclaims against the University for unfair competition under Section 17200 of the California Business & Professions Code and under state common law for civil conspiracy to interfere with prospective economic advantage and for aiding and abetting tortious interference with prospective economic advantage. The State seeks dismissal of the counterclaims on the grounds of Eleventh Amendment immunity, lack of personal jurisdiction, and inability to sue the University in its own name. (Mot. to Dismiss ("Mot.") at 2.)

For the reasons set forth below, the Court GRANTS the motion to dismiss on the ground of Eleventh Amendment immunity. Because the Court lacks subject matter jurisdiction over the counterclaims, the Court does not reach the dispute over lack of personal jurisdiction.

**ANALYSIS**

**A.     LEGAL STANDARD**

When a defendant moves to dismiss a complaint or claim for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1) ("Rule 12(b)(1)"), the plaintiff bears the burden of proving that the court has jurisdiction to decide the claim. *Thornhill Publ'n Co. v. General Tel. & Elecs. Corp.*, 594 F.2d 730, 733 (9th Cir. 1979). A motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1) may be "facial or factual." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). Where an attack on jurisdiction is a "facial" attack on the allegations of the complaint, the factual allegations of the complaint are taken as true and the non-moving party is entitled to have those facts construed in the light most favorable to him or her. *Federation of African Amer. Contractors v. City of Oakland*, 96 F.3d 1204, 1207 (9th Cir. 1996). If the jurisdictional attack is "factual," a defendant may rely on affidavits or other evidence that would be properly before the Court, and the non-moving party is not entitled to any presumptions of truthfulness with respect to the allegations in the complaint. Rather, he or she must come forward with evidence establishing jurisdiction. *Thornhill*, 594 F.2d at 733.

**B.     SOVEREIGN IMMUNITY**

Arizona contends that the University is subject to Eleventh Amendment immunity from PRS and Norsigian's counterclaims. The Eleventh Amendment provides that "the Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI. "The ultimate guarantee of the Eleventh Amendment is that nonconsenting States may not be sued by private individuals in federal court." *Beentjes v. Placer County Air Pollution Control Dist.*, 397 F.3d 775, 777 (9th Cir. 2005) (quoting *Bd. of Trs. of Univ. of Ala. v. Garrett*, 531 U.S. 356, 363 (2001)).

The parties do not dispute that the Arizona Board of Regents is a corporate body empowered by the Arizona state legislature to govern the state's universities. A.R.S. § 15-1625(B)(3). The parties further concede for the purpose of the instant motion that the Board is

1  authorized by the legislature to sue and be sued and is the proper defendant in any claim filed
2  against the University.  (Mot. at 7; Opp. at 3, 6.)  Because the Ninth Circuit has determined that
3  the Board is an arm of the state for purposes of Eleventh Amendment protection, the State
4  properly has standing here to bring the instant motion to dismiss on immunity grounds.  *See*
5  *Ronwin v. Shapiro*, 657 F.2d 1071, 1073 (9th Cir. 1981).

6  The Ninth Circuit has determined as a matter of law that Eleventh Amendment
7  immunity extends to the Board.  *Rutledge v. Arizona Board of Regents*, 660 F.2d 1345, 1349
8  (9th Cir. 1981), *abrogated on other grounds by Haygood v. Younger*, 769 F.2d 1350 (9th Cir.
9  1985) (en banc); *Ronwin*, 657 F.2d at 1073.  In *Rutledge*, the Ninth Circuit held that any
10 judgment against the Board or against Arizona State University would be paid out of state funds
11 and affirmed the district court's dismissal of state law and civil rights claims against the Board
12 and the state university.  660 F.2d 1349-50.  Similarly, in *Ronwin*, the Ninth Circuit affirmed
13 dismissal of a libel suit against the Board as barred by Eleventh Amendment immunity.  Upon
14 review of Arizona statutory provisions for payment of judgments and a decision of the state
15 supreme court, the Ninth Circuit determined that a judgment against the Board would be
16 satisfied by the State of Arizona and concluded that the Board is protected by the Eleventh
17 Amendment and that the Board is not a citizen within the meaning of 28 U.S.C. § 1332 for
18 purposes of diversity jurisdiction.  657 F.2d at 1073 (citing A.R.S. § 41-621 A.3 and *Arizona*
19 *Board of Regents v. Arizona York Refrigeration Co.*, 115 Ariz. 338 (1977)).  *See also Rutledge*,
20 660 F.2d at 1349 ("[The Board's] funds are state funds.  The fact that such funds may have been
21 derived from insurance proceeds does not alter this conclusion.").

22 Counterclaimants seek leave to conduct discovery into the nature of the business
23 relationship of the University, the University of Arizona Foundation, and the Center for
24 Creative Photography with the Trust to determine whether the Board should be immunized as
25 an arm of the State of Arizona.  (Opp. at 13.)  Because the Ninth Circuit has determined the
26 question of  Eleventh Amendment immunity, the Court denies Counterclaimants' request for
27 discovery on this issue.
28

4

Under binding circuit authority, the Court determines that the named University defendant and the Board of Regents are immune from the counterclaims brought in this Court and that the Court lacks subject matter jurisdiction over the counterclaims. Therefore, the motion to dismiss is GRANTED.

## CONCLUSION

For the foregoing reasons, the Court GRANTS Counterdefendant's motion to dismiss the counterclaims. The Clerk shall close the file.

**IT IS SO ORDERED.**

Dated: April 27, 2011

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE